UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SAM FRIEDENBERG, personal representative of the estate of MARC SANFORD; DEREK LARWICK, personal representative of the estate of RICHARD BATES; and LORRE SANFORD, an individual,<br><br>                      Plaintiffs,<br><br>    v.<br><br>LANE COUNTY, LANE COUNTY MENTAL HEALTH aka LANE COUNTY BEHAVIORAL HEALTH; CARLA AYRES, ERIK MORRIS; FRANCES FREUND; and JULIE RIUTZEL,<br><br>                      Defendants. | Case No. 6:18-cv-00177-JR<br><br>ORDER |

RUSSO, Magistrate Judge:

      Plaintiffs move the Court to remand this case to state court asserting lack of jurisdiction. Pls.' Mot. to Remand 1 ([doc. 9](doc. 9)). Oral argument was held on April 25, 2018. For the reasons set forth below, plaintiffs' motion is DENIED.

## BACKGROUND

After a criminal conviction in Oregon state court, Michael Bryant ("Bryant") was referred to a Jail Diversion Program administered by Lane County Mental Health ("LCMH") as a term of his probation. During his time at LCMH, Bryant was under the care of the individual defendants. Subsequent to Bryant's release, he committed three homicides and injured two other individuals. Plaintiffs here are one of the injured persons and personal representatives for two of the decedents.

Defendants assert LCMH's employees are "deemed" Public Health Service ("PHS") employees based on documentation provided to them by the Secretary of the United States Department of Health and Human Services ("HHS"). Defs.' Notice of Removal, Ex. D at 4 (notice of deeming action for 2015) (doc. 1). Defendants contend this designation affords LCMH employees the same immunity afforded to PHS employees pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"). See 42 U.S.C. § 233.

On November 13, 2017, plaintiffs filed this action in Oregon state court serving notice to Lane County and the United States Attorney's Office for the District of Oregon. Defs.' Notice of Removal, Ex. A (doc. 1); Pls.' Mot. to Remand, Ex. A at 21 (doc. 9).[1] Between November 2017 and January 2018, defendants corresponded with the HHS Office of General Counsel regarding plaintiffs' state court claim. See generally, Defs.' Notice of Removal, Exs. F–I (doc. 1). After requesting documents related to Bryant's court mandated probation orders, HHS sent emails advising defendants: (1) their claims were "not covered" pursuant to the Federal Tort Claims Act

---

[1] Plaintiffs amended their complaint on November 22, 2018. Defs.' Notice of Removal, Ex. B ¶ 52 (doc. 1). The only material change in the amended complaint was the addition of the following language: "[defendants failed to] appropriately administer a jail diversion program and the probation of mentally ill clients [and failed] to train and supervise employees to administer the jail diversion program and the probation of mentally ill clients[.]" Id.

Page 2 – ORDER

("FTCA") and FSHCAA; (2) defendants should "take whatever action necessary to protect the interest of [their] client;" and (3) "[t]here [was] no procedure within the agency to appeal a denial of coverage." Defs.' Notice of Removal, Exs. H–I (doc. 1).

On January 10, 2018, defendants' filed an answer to plaintiffs' amended complaint in Oregon state court. Defs.' Notice to Removal, Ex. C (doc. 1). On January 29, 2018, defendants filed a notice of removal to federal court. Defs.' Notice of Removal (doc. 1). On February 28, 2018, plaintiffs filed a motion to remand this action to Oregon state court. Pls.' Mot. for Remand (doc. 9). Prior to oral argument on the pending motion, the United States requested leave to file a statement of interest, which the Court permitted; however, the United States ultimately declined to participate in oral argument citing time constraints. See generally, Minute Order (doc. 17).

## STANDARD OF REVIEW

A defendant may remove an action filed in state court to federal court if there is diversity or federal question jurisdiction. 28 U.S.C. §§ 1441(a), 1441(b). Upon a motion to remand, a federal court may remand a case to state court for lack of subject matter jurisdiction at any time before the court issues a final judgment. 28 U.S.C. § 1447(c). The party opposing the motion for remand has the burden of establishing federal jurisdiction. See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

## DISCUSSION

Plaintiffs broadly assert the Court lacks jurisdiction to resolve this case because the claims at issue are "purely based on state common law negligence and there is no diversity

between the parties." Pls.' Mot. for Remand 2–3 (doc. 9). Essentially, plaintiffs argue this Court lacks subject matter jurisdiction; and that 42 U.S.C. § 233(a) does not apply in this case. Id.[2]

## I. Statutory Framework

Pursuant to the Public Health Service Act, the exclusive remedy against PHS employees acting within the scope of their employment is a tort action against the United States under the FTCA. See generally, 42 U.S.C. § 233. To effectuate this provision, Congress provided that "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action . . . commenced in a State court shall be removed . . . at any time before trial by the Attorney General . . . and the proceeding deemed a tort action brought against the United States." Id. § 233(c). Specifically, the FSHCAA "created a process by which 'public and nonprofit private entities' receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) and [the] health practitioners that such entities employ 'shall be deemed to be [employees] of the Public Health Service.' 42 U.S.C. § 233(g)(1)(A)." Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011); see also Estrella v. Yahav, 2016 WL 1230555, at *3 (D.N.J. Mar. 29, 2016).

The FSHCAA extends protection to "employees" of public or nonprofit private entities that receive certain federal health funds, submit an annual application to HHS, meet certain criteria, and obtain annual approval by the Secretary of HHS. See 42 U.S.C. § 233(g), (h). Upon

---

[2] Plaintiffs raise for the first time in their reply brief, the argument that defendants' failure to ensure that the United States be heard is "fatal" to defendants' argument. Pls.' Reply 2 (doc. 16). The Court need not entertain arguments first raised in a reply brief. Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 843 n.6 (9th Cir. 2004). In any event, at oral argument, defendants represented to the Court that it had in fact timely notified the United States pursuant to 42 U.S.C. § 233(b) and the record before the Court reflects as such. Hearing (Apr. 25, 2018); see also Defs.' Notice of Removal, Ex. F (doc. 1).

approval of the required application, the Secretary of HHS "deems" these entities and their employees to be employees of the PHS for the upcoming calendar year. Id. § 233(g)(1)(A), (E).

Pursuant to the FSHCAA, suits against employees of deemed entities may be removed from state court to federal court in two ways. First, the Attorney General or her designee may at "any time before trial" certify that the defendants are entitled to FTCA coverage or appear within 15 days of notification of the filing of the case in state court and advise the court whether the Secretary has determined that the defendants are entitled to coverage. 42 U.S.C. § 233(c), (*l*)(1). Second, if the Attorney General or her designee "fails to appear in State court within [the 15-day] time period," the defendants may remove the case to the appropriate United States district court. 42 U.S.C. § 233(*l*)(2). Upon removal predicated on § 233(*l*)(2), the action shall be stayed "until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages" and "issues an order consistent with such determination." Id.

## II. Subject Matter Jurisdiction and 42 U.S.C. § 233(*l*)(2) Hearing

The case law concerning whether a district court has subject matter jurisdiction to entertain removal premised on 42 U.S.C. § 233(*l*)(2) is sparse. A recent unpublished Third Circuit Court of Appeals decision, however, offers persuasive guidance. There, the estate of a deceased patient brought suit against a community health center surgeon. Estate of Campbell v. S. Jersey Med. Ctr., No. 16-4407, 2018 WL 2026965, at *1 (3d Cir. May 1, 2018). As here, the defendant removed the case pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 2679(d)(3), and then moved for an expedited hearing pursuant to § 233(*l*)(2). Id. The district court denied the § 233(*l*)(2) motion and remanded the case to state court based on a "lack of subject matter

jurisdiction." Id. On appeal, the Third Circuit examined as a threshold issue, whether the district court had authority to hold a § 233(*l*)(2) hearing.³ Id. The Third Circuit explained:

> We hold that district courts have jurisdiction to conduct hearings and make determinations under section 233(*l*)(2), even when a non-diverse federal employee defendant has been sued under state law. Absent an implied grant of subject matter jurisdiction, section 233(*l*)(2)'s provision permitting removal would be superfluous. The only defendants who would ever seek removal under that section would be those who could not seek removal based on diversity of citizenship or a federal question.
>
> Moreover, denying [a] district court[] jurisdiction to conduct [a] hearing[] under section 233(*l*)(2) and substitute the United States when appropriate would permit a plaintiff to – in some cases – avoid federal question jurisdiction through "artful pleading."
> ***
> Without jurisdiction to hold hearings and make determinations under section 233(*l*)(2), a defendant's ability to avail himself of a federal forum would be partly dependent on how the plaintiff pled the action, rather than the substance of the plaintiff's claims.

Id. at *2 (citation omitted).

Here, defendants have made a sufficient showing they are entitled to a § 233(*l*)(2) hearing. Defendants' notice of removal includes documentation that the Secretary of HHS purportedly classified LCMH as a "deemed" facility within the meaning of § 233(g), (h). Plaintiffs' filed suit in state court on November 13, 2017, and the record before the Court indicates the United States did not appear within the 15 day timeframe as contemplated by § 233(*l*)(2). As such, defendants were permitted to remove the case to this Court and are entitled to a hearing to determine "the appropriate forum or procedure for the assertion of the claim for damages." See Estate of Campbell, 2018 WL 2026965, at *2 ("Section 233(*l*)(2)'s implied grant

---

³ The specific facts before the Third Circuit in Estate of Campbell are distinguishable in significant respects from the case currently before this Court. Estate of Campbell, 2018 WL 2026965, at *1. Indeed, the Third Circuit ultimately affirmed the district court's remand order. Id. The court's examination of the threshold jurisdictional issue as related to 42 U.S.C. § 233(*l*)(2), however, is instructive.

Page 6 – ORDER

of subject matter jurisdiction is limited. It only grants a district court jurisdiction to determine 'the appropriate forum or procedure;' that is, to decide whether to remand the case or to substitute the United States as a party and deem the action as one brought under the FTCA.").

The Court expresses no view as to the merits of the parties' arguments regarding whether § 233(*l*)(2)'s immunity applies to defendants based on plaintiffs' claim or whether plaintiffs' claims are appropriate pursuant to the FSHCAA or the FTCA. This Order simply holds that defendants are entitled to a hearing as contemplated by § 233(*l*)(2) for the specific purpose of determining the appropriate forum or procedure for the assertion of plaintiffs' claim for damages.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to remand (doc. 9) is DENIED. The parties are further ordered to confer with the United States and discuss potential discovery and evidentiary issues regarding the pending § 233(*l*)(2) hearing and propose a briefing schedule to the Court by three weeks from the entry of this Order.

DATED this 23rd day of May 2018.

    s/Jolie A. Russo
    JOLIE A. RUSSO
    United States Magistrate Judge