LANE COUNTY OFFICE OF LEGAL COUNSEL
Stephen E. Dingle
125 E. 8th Avenue
Eugene, OR 97401
(541) 682-6561
stephen.dingle@co.lane.or.us

FELDESMAN TUCKER LEIFER FIDELL LLP
Matthew S. Freedus, DC #475887
mfreedus@ftlf.com
Jonay Foster Holkins, DC #1046329
jholkins@ftlf.com
1129 20th Street NW, 4th Floor
Washington, DC 20036
(202) 466-8960
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SAM FRIEDENBERG, personal representative of the estate of MARC SANFORD; et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> LANE COUNTY, et al., <br><br> *Defendants*. | Case No.: 6:18-cv-00177-MK <br><br> Defendant's Motion to Join the United States and Compel its Compliance with Subpoenas for Documents and Deposition Testimony |

Defendants Lane County, Lane County Mental Health, Carla Ayres, Erik Morris, Frances Freund, and Julie Riutzel respectfully move to: (1) join the United States for purposes of 42 U.S.C. § 233(*l*)(2)'s hearing and determination and (2) compel its compliance with defendants' March 15, 2019 subpoenas to produce documents and deposition testimony ("subpoenas"). Fed. R. Civ. P. 19. 37, 45, and Local Rule ("LR") 37-1. In compliance with LRs 7-1(a) and 26-3(g),

1

defendants made good faith efforts to resolve these disputes, but were unable to do so. The grounds for the requested relief are set forth below.

## PROCEDURAL BACKGROUND AND STATEMENT OF FACTS

Lane County submitted deeming applications for its federally-funded health centers and their personnel (including the individually named defendants) with respect to each year relevant to this removal action. The Secretary of the U.S. Department of Health and Human Services (HHS), under 42 U.S.C. §§ 233(g) and (h), approved those applications and deemed defendants to be Public Health Service (PHS) employees for purposes of the protections afforded under 42 U.S.C. § 233(a). Doc. 1, Exh. D.

Those deeming determinations are final and binding, for specified periods, on the Secretary, Attorney General, and all parties. 42 U.S.C. § 233(g)(1)(D)-(F)). The protection that deemed status affords is an absolute immunity from any civil action or proceeding resulting from the deemed individual or entity's performance of "medical, surgical, dental, or related functions" within the scope of their employment, by making the remedy under the FTCA *against the United States* "exclusive." 42 U.S.C. § 233(a).

In March or April 2017 (then unbeknownst to defendants), plaintiffs pursued that FTCA remedy by submitting administrative claims to HHS. Exh. 1. On May 17, 2017, HHS recognized that each claim "alleged negligent and wrongful acts or omissions of Lane County Behavioral Health," but denied them because they are "not compensable under the [FTCA]." Exh. 2. HHS also advised each claimant that if dissatisfied he or she may seek reconsideration or sue the United States. *Id*. Plaintiffs chose not to pursue either option. Instead, they advanced the substance of their administrative claims as a damages action, naming as defendants the entity and providers they had described as "deemed" in their FTCA claims. Their state action alleges that

2

defendants failed to: (1) ensure that Mr. Bryant followed his treatment plan, (2) medicate Mr. Bryant with anti-psychotic medications, and (3) notify the court of alleged probation violations.

In November 2017, defendants furnished copies of the pleadings to their designated agency point of contact, the Office of General Counsel (OGC) at HHS and requested coverage. Doc. 1, Exh. F. The matter was assigned to Lisa Datta, an HHS OGC staff attorney. *Id*. Upon receipt, HHS was required to "promptly" furnish copies of the state court pleadings to the Attorney General, the U.S. Attorney for the District of Oregon, and the Secretary of HHS. 42 U.S.C. § 233(b). Upon information and belief, HHS did not do so and in any event the Attorney General did not appear in state court as contemplated by 42 U.S.C. § 233(*l*)(1).

In November 2017, plaintiffs filed an amended complaint, which merely added two sentences in furtherance of their tort theory of liability, alleging that defendants' actions or omissions amounted to a failure to appropriately administer the jail diversion program. Doc. 1, Exh. B. That same day defendants learned of plaintiffs' administrative tort claims and their denial. Defendants requested the denials, but HHS declined to provide them. Doc. 1, Exh. G.

Between late November 2017 and January 2018, defendants responded to HHS's requests for information concerning coverage, including documentation of the individual defendants' employee status (with Lane County's federal-funded health center), the court order which placed Mr. Bryant on probation and directed him to seek mental health services from LCMH, and a copy of the state court judgment in Mr. Bryant's criminal case. Doc. 1, Exh. H.

Prior to January 2018, defendants were under the impression that their request for coverage was under agency consideration. On January 2, 2018, Ms. Datta advised defendants that they would *not* be covered for plaintiffs' state court action, asserting that it does not arise out of their performance of medical care. In sn email, Ms. Datta stated that the claims "are not

3

covered by the FTCA pursuant to the FSHCAA." Ms. Datta's added that "there is no procedure within the agency to appeal a denial of coverage" and suggested that defendants should "take whatever action is necessary to protect" their interests. Doc. 1, Exh. I. Defendants never received a formal letter from HHS denying coverage. In January 2018, Defendants filed an answer in the state court action, which asserts absolute immunity as a defense, and removed the state action to this Court, with copies to HHS OGC and the local U.S. Attorney. Doc. 1, Exh. C. Plaintiffs filed a motion to remand, Doc. 9, which defendants opposed. Doc. 15.

On April 18, 2018, seven days before the remand motion was set for oral argument, the United States sought permission to "file a statement of interest" because the case "involves a federally funded health care center," and sought to extend the argument date until "some time after June 1." Exh. 3 (email chain of plaintiff's request and defendants' response). The same day, the Court issued a minute order stating that "any statement of interest" should be filed by April 23, 2018, but keeping April 25, 2018 argument date as scheduled. Doc. 17. The United States did not file any statement by April 23, nor did it appear for the April 25 argument.

On May 23, 2018, the Court denied plaintiffs' remand motion and set a schedule for the § 233(*l*)(2) hearing. Doc. 21. The United States again advised the Court of its intent to file a "Statement of Interest," which it did on February 4, 2019. Doc. 39. On November 27, 2018, the Court ordered plaintiffs, defendants, and United States to confer regarding a discovery and briefing plan for purposes of the hearing under 42 U.S.C. § 233(*l*)(2) (the "§ 233(*l*)(2) hearing").

After a lengthy government shutdown, plaintiffs, defendants, and United States conferred by telephone on February 13, 2019. Plaintiffs and defendants agreed to a discovery plan, limited to the scope and purpose of the § 233(*l*)(2) hearing. The United States, however, denied having any role or discovery obligation in this matter. Defendants asserted that the United States is a

necessary and indispensable party, citing the nature of § 233(a) immunity (which makes the exclusive remedy a claim *against the United States*), the relief defendants seek (substitution *of the United States* in their place as the only proper defendant), and the purpose of § 233(*l*)(2) hearing (to afford judicial review of the government's refusal or failure to substitute and defend). The United States disagreed, citing only the position expressed in its statement of interest.

In an effort to compromise, defendants asked the United States if it would consider executing a stipulation of fact as to various undisputed material facts. Defendants indicated that the United States had done so for a § 233(*l*)(2) hearing in another case out of Maine, with a reservation of rights with respect to its claimed non-party status. *Kezer v. Penobscot Cmty. Health Ctr.*, 1:15-cv-00225-JAW, 2016 BL 516708 (D. Me. Aug. 15, 2016) (referencing "Stipulated Record" at Doc. 28 which was executed by the plaintiffs, defendants, and United States). During the conference, the United States indicated that it would entertain the request.

On February 14, 2019, defendants circulated the stipulation from *Kezer*. But six days later, the United States stated that it could not entertain any proposed stipulation because it had no authority to do so. In response, defendants provided notice of their intent to serve subpoenas on the Health Resources and Services Administration (the responsible HHS division under 42 U.S.C. § 254b) and served them the following day. Exh. 4. On March 29, HHS refused to comply with the subpoenas, alleging that defendants failed to comply with HHS's *Touhy* regulations with respect to this "private litigation." Exh. 5 at 1.

## ARGUMENT

Under 42 U.S.C. § 233(a), (g) and FRCP 19, the United States is a necessary party for purposes of the § 233(*l*)(2) hearing, and thus it is obligated to comply with discovery. In any event, the United States (and its agencies and officers) is obligated to follow the Federal Rules of

5

Civil Procedure, "whether or not the United States is a party to the underlying action." *Exxon Shipping, Co. v. U.S. Dep't of the Interior*, 34 F.3d 774, 777, 780 (9th Cir. 1994).

I. **The United States is a required and necessary party for purposes of the mandatory hearing and determination under § 233(*l*)(2)**

Whether viewed as a matter of statutory construction or joinder under FRCP 19, the United States is a necessary and indispensable party for purposes of the hearing and determination required by § 233(*l*)(2).

### A. The PHS Act and FSHCAA make the United States a party for purposes of the hearing and determination required by § 233(*l*)(2)

The statutory language and scheme make the United States a party for purposes of the hearing and determination required by § 233(*l*)(2).

First, the immunity defendants assert is absolute, as it makes the "remedy *against the United States*" under the FTCA "exclusive." 42 U.S.C. § 233(a) (emphasis added). Since immunity is not only a defense against liability but a right to be free from litigation altogether, it is effectuated by the substitution of the United States as the party defendant, in place of the (actual or deemed) federal employee. 42 U.S.C. § 233(b); 28 U.S.C. § 2679.

Second, the Attorney General must be notified of lawsuits as to which § 233(a) immunity is asserted. 42 U.S.C. § 233(b). A PHS employee (actual or deemed) who is served with a state court action must deliver the pleadings to a designated representative of the Secretary of HHS. Upon receipt, that designee must "promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary." *Id*.

Third, the Attorney General must remove the action to federal court. *Id*. at § 233(c).

Fourth, if the Attorney General fails or refuses to certify and defend – a scenario Congress anticipated – there are different mechanisms for judicial review of coverage disputes (between the federal employee and United States). With respect to actual PHS employees, they may petition the state court for substitution (assuming the action started there). 28 U.S.C. § 2679(d)(2). The Attorney General has a specific mechanism to remove such a petition to federal court, to have the interests of the United States determined in a federal forum. 28 U.S.C. § 2679(d)(3) (word "may" indicates removal authority is discretionary). Either way, the failure or refusal to certify and substitute is subject to judicial review. *Guiterrez de Martinez v. Lamagno*, 515 U.S. 417, 429 (1995); *Hui*, 559 U.S. at 811 (certification is not a prerequisite to immunity).

With respect to deemed PHS employees, the FSHCAA (as amended in 1995) not only restricted the discretion of the Attorney General but added a removal right and judicial review provision for their specific benefit. 42 U.S.C. §§ 233(*l*)(1) and (2). That provision imposes a mandatory duty on the Attorney General to participate in these proceedings. Once the Attorney General is notified of a state action or proceeding against the deemed defendant, through the process explained above, he or she must appear in state court within 15 days thereof and advise the court as to whether *the Secretary* (not the Attorney General) made a prior favorable deeming determination (under § 233(g) and (h)) with respect to the acts or omissions that are the subject of the action. 42 U.S.C. § 233(*l*)(1). "Such advise" – regardless of what it is – triggers an automatic removal, as it is deemed to satisfy § 233(c) (which requires removal to federal court).[1]

If, however, the Attorney General does not appear and remove the action, as required, the deemed defendant has the right to do so for a threshold immunity determination. A number of

---

[1] The federal officer removal statute, 28 U.S.C. §1442, also provides a broad removal right.

courts have recognized as much, including this one. *Friedenberg v. Lane County*, No. 6:18-cv-00177-JR, 2018 BL 183358, at *3 (D.Or. May 23, 2018) (denying Plaintiffs' motion to remand); *Kezer*, 1:15-cv-00225-JAW, 2018 BL 501814, *2 (D.Me. Jan. 10, 2018) (§233(*l*)(2) hearings determine "(1) whether Plaintiffs' claims constitute claims for damage or personal injury resulting from the performance of medical or related functions, and (2) whether each defendant was acting within the scope of his or her employment"); *Agyin v. Razmzan*, 7:17-cv-04681-KMK, Doc. 33 (S.D.NY. May 31, 2018) (ordering partial substitution despite United States objection); *Booker v. United States*, 2015 WL 3884813, at *7 (E.D.Pa. 2015) ("While § 233(*l*)(2) expands upon § 2679(d)'s removal procedures by permitting removal by a defendant who believes he or she is entitled to FTCA coverage under the FSHCAA, the hearing contemplated upon removal pursuant to § 233(*l*)(2) serves the same purpose as the procedure contemplated by § 2679(d)(3), *i.e.*, to allow the court to determine whether the defendant is entitled to FTCA coverage with respect to the conduct on which the action is based").

Given the PHS Act and FSHCAA's statutory language and scheme, it is clear that § 233(*l*)(1)(1995) – similar to § 2679(d)(3) – not only affords a federal forum to resolve coverage/substitution disputes as between a PHS employee and the United States, but it necessarily subjects the United States to the Court's jurisdiction to resolve such disputes. Without such jurisdiction, § 233(*l*) could not fulfil its purpose. *Campbell v. S. Jersey Med. Ctr.*, 732 Fed. Appx. 113, 117 (3d Cir. 2018) ("For section 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so.").

The United States cannot impair the individual PHS employee's right to judicial review in federal court by refusing to participate in § 233(*l*)(2)'s mandatory proceedings, which may (in the court's discretion) include limited discovery and an evidentiary hearing. *See*, *e.g.*, *Hui*, 559

U.S. at 811 ("a defendant may make [] proof [of immunity/substitution] pursuant to the ordinary rules of evidence and procedure"); *Campbell*, 732 Fed. Appx. at 118 (not all cases will involve factual disputes).

### B. The United States is a required and indispensable party under Rule 19

Under Rule 19 of the Federal Rules of Civil Procedure, an absent party is required if *either* (a) its absence precludes the court from affording "complete relief among existing parties" or (b) it has "an interest relating to the subject of the action" and its absence would impede its ability to protect that interest. Fed. R. Civ. P. 19(a).

Here, the United States is a required party under both, although joinder is required if either is met. First, the Court cannot "accord complete relief among existing parties." Complete relief requires substitution of the United States because absolute immunity is not merely a defense to liability but a right to be free from the burdens of litigation altogether. Second, the United States conceded its interest in the subject matter by filing a "statement of interest." Doc. 39 at 1; Doc. 39, Exh. 3 at 1. Likewise, by opposing the specific relief defendants seek, the United States concedes that its participation is necessary to protect its interest.

The United States is indispensable to a "just adjudication" and the Court's ability to properly act under § 233(*l*)(2). *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2004). This matter presents an issue akin to a coverage dispute between an insurance company (the United States) and its insured (deemed defendants). To justly resolve such a dispute, the Court has to afford each party an opportunity to be heard, subject to the ordinary rules of evidence and procedure. *Hui*, 559 U.S. at 811. Given that the Attorney General's decision not to certify is presumed to be correct and the federal employee has the burden of production and

9

persuasion to rebut that presumption, the United States cannot fairly avoid the obligations of a party (*e.g.*, discovery) related to that disputed issue.

Therefore, the Court should not only join the United States as a required and indispensable party for purposes of the hearing and determination under § 233(*l*)(2), but it should compel its agency's compliance with the subpoenas – which are tailored to obtain information limited to the coverage/immunity dispute.

## II. The United States, along with its agencies and employees, are subject to subpoenas issued pursuant to the Federal Rules of Civil Procedure

HHS did not move to quash either subpoena. Instead, it simply chose not to comply, citing 45 C.F.R. §§2.1-2.6 as its justification for doing so (known as a "*Touhy* regulation," *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).

Ninth Circuit precedent, however, requires federal agencies to comply with subpoenas like any entity would under the FRCP. *See Exxon Shipping, Co. v. U.S. Dep't of the Interior*, 34 F.3d 774 (9th Cir. 1994). A "district court should apply the federal rules of discovery when deciding on discovery requests made against government agencies, *whether or not the United States is a party to the underlying action*." *Id.* at 780 (emphasis added); *Watts v. Securities & Exch. Comm'n*, 482 F.3d 501, 508-09 n.1 (D.C. Cir. 2007)) (holding that "a challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and be treated not as an APA action but as a Rule 45 motion to compel" in which courts apply Rule 45 standards to "quash subpoenas that call for privileged matter or would cause undue burden"); *Nat. Res. Def. Council v. Zinke*, 1:05-cv-01207 LJO-EPG, 2018 BL 187294 (E.D. Cal. May 25, 2018).

This matter is not, as HHS claims, merely a piece of "private litigation." Exh. 5 at 1. The threshold issue of immunity/substitution presents a collateral (to the merits of the underlying claims) dispute between the United States and defendants. The Court has jurisdiction to resolve it

10

under § 233(*l*) and order the substitution of the United States under § 233(a), which makes the remedy under the FTCA exclusive. Thus, HHS must comply with the subpoenas.

## CONCLUSION

Based on the foregoing, the Court should order (a) joinder of the United States as a party for purposes of 42 U.S.C. § 233(*l*)(2) and related discovery, and (b) compliance with defendant's March 15 subpoenas for document production and testimony.

DATED: April 19, 2019

    *s/ Matthew S. Freedus*

FELDESMAN TUCKER LEIFER FIDELL LLP
Matthew S. Freedus (DC 475887)
mfreedus@ftlf.com
Jonay Foster Holkins (DC 1046329)
jholkins@ftlf.com
1129 20th Street NW, 4th Floor
Washington, DC 20036
(*t*) (202) 466-8960
(*f*) (202) 293-8103

LANE COUNTY OFFICE OF LEGAL COUNSEL
Stephen E. Dingle
125 E. 8th Avenue
Eugene, OR 97401
(t)(541) 682-6561
(f) (541) 682-2083

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion to compel complies with the applicable word-count limitation under LR 26-3(b) because it is 10 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*s/ Matthew S. Freedus*

FELDESMAN TUCKER LEIFER FIDELL LLP
Matthew S. Freedus (DC 475887)