IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SAM FRIEDENBERG, personal representative of the estate of MARC SANFORD; DEREK LARWICK, personal representative of the estate of RICHARD BATES; and LORRE SANFORD, an individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>LANE COUNTY; LANE COUNTY MENTAL HEALTH aka LANE COUNTY BEHAVIORAL HEALTH; CARLA AYRES; ERIK MORRIS; FRANCES FREUND; and JULIE RIUTZEL,<br><br>        Defendants. | Case No. 6:18-cv-00177-MK<br>**OPINION AND ORDER** |

AIKEN, District Judge:

      Before the Court is United States Magistrate Judge Mustafa T. Kasubhai's Findings and Recommendation ("F&R") (doc. 66), which recommends that this Court remand the action to state court and deny defendant's Motion to Join the United

Page 1 – OPINION AND ORDER

States and Compel its Compliance (doc. 42). The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Defendant filed timely objections, to which plaintiffs responded. Docs. 70, 75. Accordingly, I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendants object to Judge Kasubhai's findings that defendants Lane County Mental Health ("LCMH") and LCMH providers are not entitled to immunity under 42 U.S.C. § 233(a) because defendants' alleged failure to notify the state court of Michael Bryant's failure to comply with his state-funded Jail Diversion Program does not fall within "the performance of medical . . . or related functions."

Under § 233(a), a federal Public Health Service ("PHS") employee qualifies for immunity under the Federal Torts Claims Act ("FTCA") if a plaintiff alleges a claim "for damage for personal injury, including death, resulting from: (a) "the performance of medical . . . or related functions," (b) "while acting within the scope of his office or employment." 42 U.S.C. § 233(a). Further, the Federally Supported Health Centers Assistance Act ("FSHCAA") extends this immunity to federally-funded community health centers who apply for and receive "deemed" status. 42 U.S.C. § 233 (g)(1)(A).

Thus, the scope of immunity extended to "deemed" PHS employees under the FSHCAA, § 233(g), is derived from the grant of immunity to true PHS employees under § 233(a). The parties do not dispute that defendants are "deemed" PHS employees. Nor do they dispute that the alleged negligent actions occurred within the scope of defendants' employment.

Defendants advance four objections to the F&R. First, defendants contend that the F&R "misconstrues" § 233(a) as a waiver of sovereign immunity—as opposed to a grant of absolute immunity—and thus improperly bases its reasoning on a narrow construction of § 233(a). Def.'s Objections at 9 (doc. 70). Defendants argue that, "[w]hen read correctly, . . . § 233(a) immunity extends to any claim—by patients or nonpatients—for damage or injury arising out of the deemed PHS defendant's performance of medical or related functions." *Id*. To support this broad reading of the statute, defendants rely on the term "related functions" (which the statute does not define), the exclusive nature of the remedy, and *Hui v. Castaneda*, 559 U.S. 799 (2010). In *Hui*, a detained immigrant brought a *Bivens* action against ICE-employed medical providers ("true" PHS employees) for failure to provide him appropriate medical care. *Id*. at 801–02. The United States Supreme Court held that because the later-enacted § 233(g)—covering "deemed" PHS employees—makes no exception for constitutional claims, Congress could not have intended that true PHS employees, protected under the earlier-enacted § 233(a), be deprived of that protection. *Id*. at 801–02.

Contrary to defendants' assertion, nothing in *Hui* suggests that FSHCAA immunity be extended to "any claim," including non-patient claims such as those here. Further, the F&R makes no reference to a narrow construction of the statute. The F&R squarely addresses the "related functions" precedent, F&R 7–9, and defendants' non-patient precedent, F&R 10–11, and explains why that precedent does not support defendants' position. Further, it appropriately cites *Hui* for the proposition that "the FSHCAA broadened the FTCA to include . . . community health centers . . . for actions arising out of the performance of medical or related functions within the scope of their employment[.]" F&R at 5.

Second, defendants object that the F&R incorrectly reasons that the scope of immunity hinges on whether a plaintiff is a patient when it should hinge on the conduct of the "deemed" employee. Defendants rely on statutory text and two cases to support its proposition that the scope of immunity includes non-patient claims. The statutory text of § 233(g)(1)(B) and (C) together provide that "[t]he deeming of any entity or . . . employee . . . shall apply with respect to services provided to [non-patients]" if the Secretary determines that such non-patient services benefit the entity's patients, facilitates the provision of patient services, or are "otherwise required under an employment contract . . . between the entity and an employee." 42 U.S.C. § 233(g)(1)(B) &(C). Thus, employees who provide specific pre-approved services to non-patients are shielded from liability for medical or related services performed in the scope of employment. Here, LCMH provided no such pre-approved or any other services to plaintiffs. Thus, defendants' non-patient claims do not fall

within the statute's provision for non-patient claims. The statute explicitly contemplates two categories of claims—patient and non-patient—and extends immunity for non-patient claims in specific and limited circumstances. Nothing in the statute supports defendants' position that the scope of immunity hinges instead on employee conduct except that that conduct must be within the scope of employment and performed in the provision of medical and related services. Defendants' reading of the statute would render the § 233(g)(1)(B) and (C) provisions superfluous.

Defendants also rely on *Hayes v. United States*, No. 1:16-cv-00131 (APM), 2016 WL 3465950 (D.D.C June 13, 2016) and *Z.B. ex rel. Next Friend v. Ammonoosuc Cmty. Health Serv., Inc.,* No. Civ. 03-540(NH), 2004 WL 1571988 (D. Me. June 13, 2004). In *Hayes*, the court denied United States' 12(b)(6) motion to dismiss a claim against a prison-based mental health provider who allegedly allowed a mentally ill inmate to be placed in the general population where she attacked plaintiff. *Hayes,* 2016 WL 3465950, at *2. The F&R explains that *Hayes* is "inapposite" because, there, the United States defended the case on the merits and the issue of § 233(a) immunity was not raised. F&R at 10. Defendants argue that *Hayes* is "significant," not inapposite, because the United States defended against a non-patient claim and its position in *Hayes* is thus "at odds with the position it advances here." Def.'s Objections at 20 (doc. 70). I agree with Judge Kasubhai. Because *Hayes* does not address § 233(a)'s scope of immunity, it cannot guide the Court on this matter.

In *Z.B.*, a court held that § 233(a) immunity applied to a claim by a non-patient child plaintiff who was injured by his father. *Z.B.*, 2004 WL 1571988, at *7. The plaintiff brought suit against a home health care provider who failed to report the father's suspected child abuse. *Id*. The provider made home visits to the child's mother, and even though the child was not the provider's patient, the court determined that "the [mother's] home visiting services . . . were provided only because of the existence of the [non-patient] plaintiff." *Id*. at *3. I agree with Judge Kasubhai that *Z.B.* is distinguishable from the case here because, unlike *Z.B.*, the plaintiffs here "were not the reason why Defendants provided services to their patient, Bryant."[1] F&R at 11.

Defendants' third objection is similar to the second. Defendants contend that the F&R erroneously relies on the absence of a relationship between the parties to determine that § 233(a) does not apply. But defendants then attempt to forge a relationship between the parties sufficient to support the application of § 233(a). Defendants argue that because mental health providers routinely assess their patients' risk of harm to unknown members of the general public and because this risk assessment constitutes the provision of medical or related services, the § 233(a) shield should apply to claims from unknown general public plaintiffs, such as those here.

---

[1] The F&R does not disagree with defendants that the reporting of suspected child abuse is a medical or related function, but that is not the issue in this case. *See* F&R at 9, 11 (citing *Teresa T. v. Ragalia*, 154 F. Supp. 2d 290, 300 (D. Conn. 2001) for the proposition that "a physician's duty to report suspected child abuse . . . is 'inextricably woven' into the performance of medical functions and therefore covered under § 233(a)").

Defendants rely on *Jablonski v. United States*, 712 F. 2d 391, 392 (9th Cir. 1983), a wrongful death suit brought under the FTCA. There, the decedent's daughter sued Veterans Administration Hospital psychiatrists for failing to warn the plaintiff's mother that she might be at risk from the patient, her live-in partner. *Jablonski*, 712 F. 2d at 392–93. The court held that the action could be brought under the FTCA and did not fall within the assault and battery or the discretionary functions FTCA exceptions. *Id.* 42 U.S.C. § 233(a) was not at issue and was not discussed by the Ninth Circuit because the defendant was a federal employee whose alleged tortious actions fell within the broader FTCA scope. Because the court did not address § 233(a), it is not relevant to this case and does not help defendants establish a relationship between defendants and plaintiffs here, who received no services of any kind from defendants.

Defendant's fourth objection is not an objection to Judge Kasubhai's findings but a new argument—a policy argument for why the Court should find that § 233(a) immunity applies here. Def.'s Objections at 31 (doc.70). Because defendants failed to raise this argument before Judge Kasubhai, I decline to consider it now. *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (holding that a district court's refusal to hear a new argument not presented to the Magistrate Judge is "entirely appropriate" because "[w]e do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court").

Following the recommendation of the Rules Advisory Committee, I have reviewed the remainder of the F&R for "clear error on the face of the record[.]" Fed. R. Civ. P. 72 advisory committee's note (1983) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (stating that, "[i]n the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of" a federal rule).  No such error is apparent.

Therefore, I ADOPT the F&R (doc. 66) in its entirety.  This case is REMANDED to state court and Defendant's Motion to Join the United States and Compel its Compliance (doc. 42) is DENIED.

IT IS SO ORDERED.

Dated this  31st  day of December 2020.


                                    /s/Ann Aiken

                                    Ann Aiken
                            United States District Judge