IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SAM FRIEDENBERG, personal representative of the estate of MARC SANFORD; DEREK LARWICK, personal representative of the estate of RICHARD BATES; and LORRE SANFORD, an individual, | Case No. 6:18-cv-00177-MK<br>**OPINION AND ORDER** |
| Plaintiffs, | |
| vs. | |
| LANE COUNTY; LANE COUNTY MENTAL HEALTH aka LANE COUNTY BEHAVIORAL HEALTH; CARLA AYRES; ERIK MORRIS; FRANCES FREUND; and JULIE RIUTZEL, | |
| Defendants. | |

AIKEN, District Judge:

      Before the Court is defendants' motion to stay remand order pending appeal.

Doc. 79. For the reasons that follow, defendants' motion is GRANTED.

Page 1 – OPINION AND ORDER

Plaintiffs filed this wrongful death action in Lane County Circuit Court against defendants, Lane County, Lane County Mental Health ("LCMH"), and several LCMH employees. Pursuant to section 233(*l*)(2) of the Federally Supported Health Care Assistance Act of 1999 ("FSHCAA"), 42 U.S.C. § 233, defendants removed the case to this Court, alleging that the individual defendants were "deemed" employees of the United States Public Health Service ("PHS") and were acting within the scope of that employment at the time of the alleged misconduct.[1] Defendants further alleged that that this designation affords LCMH employees the same immunity afforded to PHS employees pursuant to the FSHCAA, *see* 42 U.S.C. §§ 233(a), (g), and they sought to have the United States substituted as the defendant and the suit converted to an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).

Plaintiff filed a Motion for Remand to State Court, citing lack of jurisdiction, but the Court denied the motion and ordered a § 233(*l*)(2) hearing "for the specific purpose of determining the appropriate forum or procedure for the assertion of plaintiffs' claim for damages." Doc. 21 at 7. Before the hearing, the United States filed a Statement of Interest (doc. 39) and defendants filed a Motion to Join and

---

[1] Under the FSHCAA, suits against employees of deemed entities may be removed from state court to federal court in two ways. First, the Attorney General or her designee may "at any time before trial" certify that the defendants are entitled to FTCA coverage or appear within 15 days of notification of the filing of the case in state court and advise the court whether the Secretary has determined that the defendants are entitled to coverage. 42 U.S.C. § 233(c), (*l*)(1). Second, if the Attorney General or her designee "fails to appear in State court within [the 15-day] time period," the defendants may remove the case to the appropriate United States district court. 42 U.S.C. § 233(*l*)(2). Upon removal under § 233(*l*)(2), the action shall be stayed "until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages" and issues an order consistent with such determination." *Id.*

Compel (doc. 42). The Court stayed briefing on defendants' Motion to Join and Compel pending ruling on the matters in the § 233(*l*)(2) hearing. Doc. 43.

Following the hearing, United States Magistrate Judge Mustafa T. Kasubhai issued findings and recommendation ("F&R") concluding that defendants are not entitled to immunity under 42 U.S.C. § 233(a) because defendants alleged misconduct did not fall within "the performance of medical . . . or related functions[.]" Doc. 66. As a result, Judge Kasubhai recommended that the case be remanded to state court and that defendants' Motion to Join and Compel be denied as moot. *Id*. This Court adopted the F&R in full. Doc. 76.

Then, pursuant to defendants' motion (doc. 78), this Court stayed the order of remand temporarily, to allow for briefing and oral argument on the matter. Docs. 82, 86. The parties appeared for oral argument on January 21, 2021. Doc. 90.

Defendants seek to stay remand of this action pending appeal of the Court's Order on the § 233 issue.[2] The decision to grant or deny a stay pending appeal is subject to the Court's discretion and is exercised only if warranted by the "circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In the exercise of this discretion, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[2] Defendants also request certification under 28 U.S.C. § 1292(b). Doc. 78 at 2. The Court declines to do so. As defendants note, such certification "is unnecessary" in this case. *Id*.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These "stay factors contemplate individualized judgments in each case, [and] the formula cannot be reduced to a set of rigid rules." *Id.* at 777. In the Ninth Circuit, courts employ a sliding-scale approach where a stay may be granted if the moving party demonstrates "a substantial case on the merits and that the balance of hardship tips sharply in favor of a stay." *See Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011).[3] Here, defendants have made that showing.

Although the Court stands by its earlier ruling, the somewhat novel § 233 issue presents a close question. Further, the issue currently pending before the Supreme Court in *BP P.L.C. v. Mayor and City Council of Baltimore*, 952 F.3d 452 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 222 (U.S. Oct. 2, 2020) (No. 19-1189) (argued Jan. 19, 2021), may impact the parties' dispute over whether this Court's remand order is reviewable on appeal.

Moreover, the balance of hardships strongly favors staying the remand order. Although a delay in resolving this litigation does burden plaintiffs, if defendants are correct that they are entitled to immunity under § 233(a) and (g), a remand order

---

[3] In *Leiva-Perez v. Holder*, the Ninth Circuit observed that, although the stay factors are the same factors applied when considering a preliminary injunction, "a flexible approach is even *more* appropriate in the stay context[:]"

> Whereas the extraordinary remedy of injunction is the means by which a court directs the conduct of a party with the backing of its full coercive powers, a stay operates only upon the judicial proceeding itself either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability. . . . In other words, although a stay pending appeal certainly has some functional overlap with an injunction, . . ., stays are typically less coercive and less disruptive than are injunctions.

640 F.3d 962, 966 (9th Cir. 2011) (quotations and citations omitted, alterations normalized, and emphasis in original).

would subject defendants to the burdens of state court litigation, and their right to be free from litigation will be compromised and lost to a degree.  Section 233(*l*)(2) also strongly supports continuing the stay in these circumstances by imposing a stay by operation of law upon removal to federal court.

Accordingly, defendants' motion (doc. 79) is GRANTED, and the Court STAYS its remand order (doc. 76) to allow defendants to appeal the order.  The STAY shall remain in effect until that appeal has been resolved.

IT IS SO ORDERED.

Dated this 26th day of January 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge

Page 5 – OPINION AND ORDER